**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MELISSA FIELDS, et al.,

                    Plaintiffs,

v.                                                  CIVIL ACTION NO.   2:22-cv-00426

UNITED STATES OF AMERICA,

                    Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Demand for a Jury Trial.   (ECF No. 17.)   For the reasons discussed below, the motion is **GRANTED**.

*I.        BACKGROUND*

This civil action arises from the shooting death of Michael Nichols during an encounter with law enforcement on October 22, 2020.   (ECF No. 1.)   On September 30, 2022, Plaintiff filed her Complaint, (*id.*), and on October 20, 2022, Plaintiff filed a First Amended Complaint alleging various claims under the Federal Tort Claims Act ("FTCA") against the United States of America, (ECF No. 4).   The Amended Complaint also includes a demand for a jury trial.   (*Id.* at 18–19.)

On January 20, 2023, Defendant filed the pending Motion to Dismiss Plaintiff's Demand for a Jury Trial, arguing that the United States has not waived its sovereign immunity under the FTCA to entitle a plaintiff to a right to a jury trial.   (ECF No. 17.)   Plaintiff filed a response,

1

(ECF No. 19), and Defendant filed a reply, (ECF No. 20).   As such, this motion is fully briefed and ripe for adjudication.

## II.     DISCUSSION

It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations, alterations, and citations omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").   A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969).   If the United States consents to be sued, any "limitations and conditions upon which the Government consents . . . must be strictly observed and exceptions thereto are not to be implied."  *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 275 (1957)).   In particular, even "[w]hen Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial."[1]  *Id.*

Substantively, the FTCA waives the sovereign immunity of the United States so that a tort claim may be made against the federal government.   28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . ..").   However, under the FTCA, Congress specifically conditioned this waiver of sovereign immunity upon a plaintiff's

---

[1] Moreover, the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government. *Lehman*, 453 U.S. at 160.

relinquishing of any claim to a jury trial.[2]   28 U.S.C. § 2402 ("Any action against the United States . . . shall be tried by the court without a jury[.]"); *see also United States v. Neustadt*, 366 U.S. 696, 701 n. 10 (1961). ("There is no right to a jury trial under the Tort Claims Act.").   The Supreme Court has specifically warned that, when construing the immunity waiver in the FTCA, a court should not "take it upon [itself] to extend the waiver beyond that which Congress intended." *Smith v. United States*, 507 U.S. 197, 203 (1993.)

In this case, both parties agree that Plaintiff has no right to a jury trial under § 2402.   (ECF Nos. 18, 19.)   Instead, Plaintiff requests that the Court use an advisory jury under Federal Rule of Civil Procedure 39, (ECF No. 19 at 2), which provides that "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury," Fed. R. Civ. P. 39(c)(1).   However, the plain language of Section 2402 makes clear that the Court must determine the liability of the Government in cases arising under the FTCA.   *See* 28 U.S.C. § 2402 (requiring actions against the United States be "tried by the court without a jury").

As such, the Court agrees with the rationale in *Wright v. United States* that calling an advisory jury in a FTCA case "creates more problems than it solves."   80 F.R.D. 478, 480 (D. Mont. 1978).   If the advisory jury's verdict were consistent with the Court's determination, it would not be useful.   *Id.*   On the other hand, if the advisory jury's verdict differed from the Court's determination, the Court could not give it effect because, otherwise, "the jury, not the court, is the trier of fact."   *Id.*   Therefore, the Court declines to call an advisory jury.

Accordingly, the Defendant's motion, (ECF No. 17), is **GRANTED**.

### III.    CONCLUSION

---

[2]  The only exception provided is for an action under section 1346(a)(1) for recovery of erroneous or illegal assessment or collection of internal revenue taxes, which is inapplicable in the present case.   *See* 28 U.S.C. § 2402.

For these reasons, the Defendant's Motion to Dismiss Plaintiff's Demand for a Jury Trial, (ECF No. 17), is **GRANTED**, and Plaintiff's demand for a jury trial against the United States is **STRICKEN**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 3, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

4